UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MATTHEW E ORSO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS NO. 6:20-MC-8 |
| | § | |
| MARIANNE HAMBY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a miscellaneous action brought pursuant to 28 U.S.C. § 1963 to register a judgment originally entered or rendered in the Charlotte Division of the Western District of North Carolina in the Victoria Division of the Southern District of Texas. The judgment is against Defendant Marianne Hamby.[1]  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

Proceeding *pro se*, Defendant filed a "Motion for Non Recognition of North Carolina Federal, And Or Motion to Vacate North Carolina Federal Judgment." (D.E. 2). Defendant requested this Court not recognize or allow the enforcement of the judgment against her. On March 24, 2021, this Motion was denied without prejudice with the undersigned determining the "rendering court is in the best position to rule on matters related to the validity and enforceability of the judgment entered by that court." (D.E. 3).

---

[1] Plaintiff and the United States Court of Appeals for the Fourth Circuit have both provided a full history of the underlying case which need not be repeated here at length. (D.E. 19, Pages 3-6 and D.E. 19-8). In short, this case involves a Ponzi scheme and recovery was sought against Defendants as a class consisting of those who participated and received certain improper gains.

On April 16 and May 7, 2021, Defendant filed letters with the Court which the undersigned construed as Motions for Reconsideration of the March 24, 2021 Order. (D.E. 4 and D.E. 10).

On May 12 and May 20, 2021, the undersigned held two hearings at which Defendant failed to appear despite being notified of both hearings. (D.E. 14, Page 2). Nevertheless, on May 20, 2021, the undersigned ordered Plaintiff to file a response to Defendant's Motions for Reconsideration. (D.E. 14). Defendant was given a deadline to file any reply but none was filed. Defendant has not participated in this case since her last filing on May 7, 2021. (D.E. 10).

However, the undersigned has considered the merits of Defendant's Motions. (D.E. 4 and D.E. 10). Defendant argues she should not be bound by the judgment entered because (1) the Fourth Circuit Court of Appeals determined the district court erred in certifying the class without simultaneously appointing counsel and in failing to properly analyze the adequacy of class counsel and (2) she never lived in North Carolina and after class counsel was appointed, she was "never contacted or given the case situation until we were found guilty, without a chance to defend ourselves." (D.E. 4 and D.E. 10).

The undersigned recommends Defendant's arguments are without merit. Even using the least stringent standard for a motion for reconsideration, Federal Rule of Civil Procedure 54(b),[2] Defendant has failed to provide any sufficient reasons why this Court

---

[2] Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise any order or other decision that does not end the action. *Austin v. Kroger*, 864 F.3d 326, 336 (5th Cir. 2017) (Because the district court was not asked to reconsider a judgment, the district court's denial of [the] motion to reconsider its order denying leave to file a

should reconsider the earlier decision to deny her Motion. The Fourth Circuit opinion which she cites upheld the judgment against her. *Bell v. Brockett et al*, 922 F.3d 502 (4th Cir. 2019) (District court did not abuse its discretion during damages phase as a result of its errors in appointing class counsel, affirming the district court's certification of the defendant class and the resulting judgments). Further, Defendant, who was represented by class counsel, does not provide any sufficient argument that the court rendering judgment did not have jurisdiction over her. *Id*. at 506, 510 and 513; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985) (In class or representative actions, an unnamed class member can be subjected to a judgment requiring payment of money or other relief without ever being individually served so long as the named parties adequately represented the absent class and the prosecution of the litigation was within the common interest) (citations omitted).

    As previously held by the undersigned, this case involves a complex Ponzi scheme with over a thousand docket entries on the Western District of North Carolina's electronic docket over a seven-year period. The rendering court is in the best position to rule on matters relating to the validity and enforceability of the judgment entered by that court under the facts of this case. (D.E. 3, Page 2). In short, the undersigned

---

surreply should have been considered under Rule 54(b) [rather than Rule 59]." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id*. (citations omitted); *IIITEC Ltd., Weatherford Tech. Holdings, LLC et al*, No. H-19-3386, 2021 WL 2635380, at *8 (S.D. Tex. June 25, 2021) ("The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court'" and "every order short of a final decree is subjected to reopening at the discretion of the district judge.") (citations omitted).

**RECOMMENDS** Defendant has not submitted any sufficient argument or evidence which would permit this Court to void the August 14, 2017 judgment rendered by the District Court in the Western District of North Carolina and therefore, the undersigned further **RECOMMENDS** Defendant's Motions for Reconsideration be **DENIED**.  (D.E. 4 and D.E. 10).

ORDERED this 6th day of August, 2021.

                                                Jason B. Libby
                                    United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).